IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KEVIN BINGER                                                                                                PLAINTIFF

V.                                                                                    CAUSE NO.: 1:13CV150-SA-DAS

ANDERSON ENTERPRISES, d/b/a
MCDONALD'S                                                                                              DEFENDANTS

MEMORANDUM OPINION

Kevin Binger brings this lawsuit pursuant to Title VII and 42 U.S.C. Section 1981, as well as the Americans with Disabilities Act (ADA). Specifically, Plaintiff alleges he was terminated from his employment because of his race, his opposition to race discrimination, and his disability. Defendant has moved for summary judgment, and the Court finds as follows:

*Factual and Procedural Background*

Plaintiff, a Caucasian male, was employed as a maintenance worker in the Cass Street McDonald's in Corinth, Mississippi, which was initially owned by his brother-in-law. Binger's brother-in-law eventually sold the Cass Street McDonald's and his other franchise to Anderson Enterprises in February of 2011.

On February 24, 2012, Plaintiff underwent a heart stent procedure that required him to be off work for one week. He returned to full duty on March 5, 2012. Plaintiff left work for additional heart-related health issues three days later on March 8, 2012. During an examination into those ailments, it was discovered that Plaintiff had kidney cancer, which required hospitalization for the removal of one kidney and an extensive recuperation period prior to his being able to return to work. Both Plaintiff and Lew Anderson, owner of Anderson Enterprises, acknowledge ongoing conversations during this period regarding Plaintiff's health and his possible return to work.

Prior to returning to work, Plaintiff alerted the new general manager of the Cass Street McDonald's that his doctor released him to full duty. She told him to report to work on Monday morning, June 4. When Plaintiff showed up to work his shift, he was told by his shift manager (after approximately three to four hours of work) to go home because his return to work had not been cleared by Lew Anderson. Anderson was on vacation at the time and called Plaintiff that afternoon. Anderson informed Binger he was terminated because other employees complained that he had made "racist comments" sometime between March 5 and March 8.

Defendant contends that while Binger was on the job between March 5 and March 8, he made two statements for which he was later terminated. First, Plaintiff admittedly commented that Anderson Enterprises was trying to get rid of all its white managers. Second, Plaintiff supposedly commented to other employees that he intended to be fired by the end of that month in order to collect either unemployment insurance benefits or be able to sue for wrongful termination.

Plaintiff was initially granted unemployment insurance benefits, but those benefits ceased once Plaintiff began retroactively receiving Social Security disability benefits. The Social Security Administration determined that Plaintiff was disabled and unable to work as of February 24, 2012. Plaintiff submitted a charge with the EEOC, an investigation was opened, and he commenced this suit after efforts at mediation failed.

Defendant filed this Motion for Summary Judgment [42] on the grounds that Plaintiff is unable to prove a prima facie case of race discrimination, opposition to race discrimination, or disability discrimination, or that the employer's reason for terminating Plaintiff was a pretext for such discrimination.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

*Discussion and Analysis*

*Race Discrimination*

Binger claims Anderson Enterprises illegally discriminated against him because of his race when he was terminated. Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

Where, as here, a plaintiff relies only on circumstantial evidence to prove his discrimination claim, the Court utilizes the framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). "Under this framework, the plaintiff must first create a presumption of discrimination by making out a prima facie case of discrimination." <u>Laxton v. Gap, Inc.</u>, 333 F.3d 572, 578 (5th Cir. 2003) (internal citations omitted). If the plaintiff can establish a prima facie case, "the burden of production shifts to the employer, who must offer an alternative nondiscriminatory explanation for the adverse employment action." <u>Lee v. Kansas City S. Ry. Co.</u>, 574 F.3d 253, 259 (5th Cir. 2009). If the defendant can articulate such a nondiscriminatory reason, the burden then shifts back to the plaintiff who must show at "a new level of specificity" that the explanation is merely a pretext for discrimination. <u>Thornbrough v. Columbus & Greenville R.R. Co.</u>, 760 F.2d 633, 639 (5th Cir. 1985), *abrogated on other grounds by* <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 513, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993). In the alternative, the plaintiff may show "that the employer's reason, while true, is not the only reason for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." <u>Alvarado v. Tex. Rangers</u>, 492 F.3d 605, 611

(5th Cir. 2007) (quoting Rachid v. Jack In The Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004)). See also 42 U.S.C. § 2000e–2(m).

To sustain his race discrimination claim based on termination, Plaintiff must first establish a prima facie case by showing (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was replaced by someone outside the protected class, or in the case of disparate treatment, he was treated less favorably than similarly situated employees under nearly identical circumstances. Lee, 574 F.3d at 259; Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 513 (5th Cir. 2001).

Defendant contends that Plaintiff was neither replaced by someone outside his protected class, nor can he identify any similarly situated African American employee who was treated more favorably. Plaintiff asserts that he was replaced by Erskine Hall and Victor Brooks, both African American males. However, Anderson contends Binger's position was essentially eliminated and the duties split between two existing employees. An employee is not considered replaced if his duties are distributed among other co-workers, Griffin v. Kennard Indep. Sch. Dist., 567 F. App'x 293, 294-95 (5th Cir. 2014), therefore, Plaintiff must proceed under the disparate treatment clause of the fourth prong.

Plaintiff must show that the employer gave preferential treatment to an African American employee under nearly identical circumstances. See Okoye, 245 F.3d at 514. The preferential treatment must illustrate that the misconduct for which the plaintiff was discharged was nearly identical to misconduct engaged in by other employees. Id.; Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1090 (5th Cir. 1995) (citing Little v. Republic Ref. Co., 924 F.2d 93, 97 (5th Cir. 1991)). "The employment actions being compared will be deemed to have been taken under

5

nearly identical circumstances when the employees being compared [1] held the same job or responsibilities, [2] shared the same supervisor or had their employment status determined by the same person, and [3] have essentially comparable violation histories." Turner v. Kan. City S. Ry. Co., 675 F.3d 887, 893 (5th Cir. 2012) (quoting Lee, 574 F.3d at 260).

Plaintiff's comparison is limited to vague contentions that Anderson Enterprises intended to get rid of all white managers and replace them with black managers, allegations that a superior within the Anderson Enterprises chain of command was harder on white managers than black managers, and comments from other employees regarding a supposed "racial bias" in employment decisions made by the new management. Plaintiff was a maintenance worker, not a manager, at the Cass Street McDonald's. His supervisor in that position was not the same superior to whom a manager would report. Further, Plaintiff has failed to provide the necessary work history of any individual worker outside the protected class as outlined by the Fifth Circuit in Turner.

Plaintiff has failed to identify an actual comparator, and his claims of "racial bias" are not enough to surpass the prima facie burden. See Okoye, 245 F.3d at 514 (plaintiff must identify the preferential treatment to another employee under "nearly identical" circumstances). Plaintiff provided no evidence that any similarly situated African American maintenance workers were not terminated after making statements indicating their intent to get terminated so they could collect unemployment insurance benefits or sue for wrongful termination or any comments regarding the racial make-up of the workforce. Indeed, Plaintiff admitted the following at his deposition:

> Q: . . . Do they treat Black and White maintenance people differently?
>
> A: No, not - - maintenance people, no because I - - Mr. E, he was the other maintenance guy. . . .

>     *   *   *
> 
>     Q:      Okay. But your - - your impression was that they treated Mr. E, Mr. Eskine Hall, the same way they treated you?
> 
>     A:      While I was there, yes.

Plaintiff has not established a prima facie case of racial discrimination under the Title VII framework, and this claim must be dismissed. See Mayberry, 55 F.3d at 1090 (finding that plaintiff failed to create a jury question on the issue of whether he was treated differently than identical white employees, in part, because there was no evidence of the white employees' work history); McField v. Miss. Dep't of Pub. Safety, 2013 U.S. Dist. LEXIS 82458, 2003 WL 2636616, at *3-4 (S.D. Miss. June 12, 2013) (reasoning that plaintiff failed to show that he and purported comparator, a white member of plaintiff's troop, were similarly situated where "the details provided about [the comparator were] sparse" and there was no evidence that the comparator "had a similar disciplinary history").

*Retaliation*

The anti-retaliation provision of Title VII prohibits employers from discriminating against employees or job applicants on the basis that the individual opposed a practice made unlawful by Title VII or made a charge, testified, assisted, or participated in an investigation or proceeding under Title VII. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 56, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) (citing 42 U.S.C. § 2000e-3(a)). Retaliation claims supported by circumstantial evidence are subject to the familiar McDonnell Douglas burden-shifting algorithm. McCoy v. City of Shreveport, 492 F.3d 551, 557 (5th Cir. 2007). If a plaintiff produces direct evidence of discrimination, he may "bypass the McDonnell Douglas burden-shifting framework commonly applied in discrimination cases and proceed directly to the

7

question of liability." Moore v. U.S. Dep't of Agric., 55 F.3d 325, 328 (5th Cir. 1994); Jones v. Overnite Transp. Co., 212 F. App'x 268, 272 (5th Cir. 2006). "In such 'direct evidence' cases, the 'burden of proof shifts to the employer to establish by a preponderance of the evidence that the same decision would have been made regardless of the forbidden factor.'" Fierros, 274 F.3d at 192 (quoting Brown v. East Miss. Elec. Power Assoc., 989 F.2d 858, 861 (5th Cir. 1993)).

Plaintiff claims he has direct evidence that he was terminated in retaliation for making complaints of racial discrimination in the Anderson Enterprises workforce at Cass Street. "The Fifth Circuit has defined direct evidence as evidence which, if believed, proves the fact of intentional retaliation without inference or presumption." Martin v. J.A.M. Dist. Co., 674 F. Supp. 2d 822, 245 (E.D. Tex. 2009) (quoting Fierros v. Tex. Dep't of Health, 274 F.3d 187, 195 (5th Cir. 2001)). Indeed, "[i]n the context of Title VII, direct evidence include[s] any statement or written document showing a discriminatory motive on its face." Portis v. First Nat'l Bank, 34 F.3d 325, 329 (5th Cir. 1994).

Plaintiff relies upon a transcript from the Mississippi Department of Employment Security hearing with the administrative law judge regarding his claim for unemployment insurance benefits. During that hearing, Lew Anderson testified, under oath, as to "what statements were made [by Kevin Binger] that [he] found justified the termination." He stated:

> The general manager said she spoke with Kevin and Kevin said there was racial prejudice. She thought that he thought that I was prejudice and the supervisor was prejudice because there wasn't a balance in the races in the restaurant.

The Court finds that Lew Anderson's testimony at the MDES hearing indicating that Plaintiff was terminated for complaining about racial prejudice at the Cass Street McDonald's constitutes direct evidence that Plaintiff could have been terminated in retaliation for opposing a practice made unlawful by Title VII.

8

In attempting to show that the same decision would have been made regardless of Plaintiff's alleged opposition to race discrimination, Anderson further claimed that there were other statements made by Binger to justify his termination, including statements that he made to other employees about finding a way to get suspended and terminated in order to collect unemployment insurance benefits or sue for wrongful termination. Moreover, Anderson stated that he had signed statements from Plaintiff's co-workers alleging that Plaintiff commented that his supervisor did not know her "right foot from her left foot with her black ass." He claimed Plaintiff was terminated for being insubordinate and racially insensitive.

The determination of whether Defendant so sufficiently showed that the same decision would have been made despite Plaintiff's alleged complaints of race discrimination is not appropriate at the summary judgment stage in this instance. A full presentation of the evidence to a jury, along with credibility determinations, is necessary to make a proper finding as to whether Plaintiff was terminated in retaliation for opposing race discrimination at the Cass Street McDonald's. Defendant's motion for summary judgment as to this claim is therefore denied.

*Disability Discrimination*

The ADA prohibits discrimination of the basis of an employee's disability. 42 U.S.C. § 12112(a). The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures . . . discharge of employees, . . . and other terms, conditions, and privileges of employment." Id. Generally, "a prima facie case under the ADA requires a plaintiff to show that he (1) has a disability; (2) was qualified for the job; and (3) was subject to an adverse employment decision because of his disability." Shirley v. Precision Castparts Corp., 726 F.3d 675, 680 (5th Cir. 2013).

In reaction to United States Supreme Court case law precedent supposedly narrowing the scope of the ADA, Congress instituted amendments to that statue in 2008 to construe "[t]he definition of disability . . . in favor of broad coverage of individuals . . . to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A). Following the enactment of the ADA Amendments Act of 2008 (ADAAA), to be considered disabled, a person must suffer from a "physical or mental impairment that substantially limits one or more life activities[; have] a record of such an impairment; or [be] regarded as having such an impairment." 42 U.S.C. § 12102(1)(A-C). "[M]ajor life activities include, but are not limited to . . . sleeping, walking, standing, lifting, bending, . . . concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Plaintiff has not put forth any expert testimony or medical evidence showing that, at the time of his termination, he was substantially limited in one or more major life activities. Plaintiff indicates that he was released with restrictions to return to his job with Anderson Enterprises in June of 2012, but denied that he was disabled when questioned at his deposition. However, the parties do not dispute that Plaintiff has been granted disability benefits by the Social Security Administration retroactive to February 24, 2012. Another court in this district has held that a Social Security Administration ruling that the plaintiff is disabled is a sufficient record of disability satisfying the first prong of the prima facie test at the summary judgment stage. See Bobo v. Prof'l Bldg. Servs., 2009 U.S. Dist. LEXIS 114119, *4 (N.D. Miss. Dec. 8, 2009). Under these circumstances, the Court concludes that there is a genuine issue of material fact as to the existence of an actual disability at the time of Plaintiff's termination.

Plaintiff also submits that he was "regarded as" disabled by his employer. "One is regarded as having a substantially limiting impairment if the individual (1) has an impairment

10

which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment; (2) has an impairment which is substantially limiting only because of the attitudes of others toward such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment." Bridges v. City of Bossier, 92 F.3d 329, 332 (5th Cir. 1996). "Evidence that an employer was merely aware of an impairment is not sufficient to survive summary judgment. Under the ADA, a plaintiff must show she is 'regarded as' having an impairment that substantially limits one or more major life activities." Cato v. First Fed. Cmty. Bank, 668 F. Supp. 2d 933, 942-43 (E.D. Tex. 2009) (emphasis omitted) (citing Deas v. River West, L.P., 152 F.3d 471, 476 (5th Cir. 1998)).

Lew Anderson admits that he was aware of Plaintiff's serious health problems and, indeed, kept apprised of Binger's condition while Plaintiff was out on leave receiving treatment. Anderson testified that he indicated to Plaintiff that he would need to approve his return to the workplace due to the length of his absence, as well as the "seriousness of his medical profile." Based on these statements, a genuine issue of material fact exists as to whether a reasonable jury could find that Defendant regarded Plaintiff as disabled. See Thornbrough, 760 F.2d at 641 n.8 (holding that at the summary judgment stage, a plaintiff must simply raise a genuine issue of material fact as to the existence of a prima facie case).

The burden now shifts to Defendant to articulate a legitimate nondiscriminatory reason for the alleged adverse employment action. Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 396 (5th Cir. 1995). Defendant's burden is one of production, not persuasion, and Defendant's reason for the adverse employment action need not be persuasive or credible. See Hicks, 509 U.S. at 509, 113 S. Ct. 2742; Sanstad v. CB Richard Ellis, Inc., 309 F.3d 893, 898 (5th Cir. 2000). Instead, its burden is to produce "evidence, which, '*taken as true*, would *permit* the conclusion that there

was a nondiscriminatory reason for the adverse action.'" Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002) (quoting Hicks, 509 U.S. at 509, 113 S. Ct. 2742).

Defendant contends Plaintiff was terminated for making two inflammatory comments about the racial makeup of persons in supervisory positions and Plaintiff's intent to defraud the employer in order to receive unemployment insurance benefits or sue for wrongful termination. Defendant attached co-worker statements corroborating Anderson's claims for termination. Defendant is not "required to 'persuade the court that it was actually motivated by the proffered reasons.'" Turner, 675 F.3d at 901 (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-55, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)). It must only "clearly set forth, through the introduction of admissible evidence, the reasons for [its decision]." Accordingly, the Court finds that in producing the co-worker statements and other sworn testimony, Defendant has satisfied its burden of production here.

Because Defendant has met its burden of production, the burden shifts back to Plaintiff to produce evidence that Defendant's proffered nondiscriminatory reasons are merely pretext for discrimination. "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

The Defendant has not been consistent with its reasons for Plaintiff's termination. Although Lew Anderson claims now that Plaintiff was terminated for making the two statements noted above, Anderson averred to the administrative law judge that Plaintiff voluntarily quit, informed a co-worker that Plaintiff was terminated for taking more than twelve weeks of leave

after his surgery, and further testified that Plaintiff exhibited a pattern of insubordination and disruption in the workplace that lead to his termination.

Plaintiff contends that the supposed "racist statements" he made that Anderson Enterprises was trying to get rid of all the white managers was protected speech and the truth. As for his statements regarding his alleged plans to defraud the company, no deposition testimony was offered corroborating Anderson's contentions. Plaintiff also highlights that in his ten years of employment, he never received any disciplinary actions. The Court finds that Plaintiff has produced enough evidence to question the veracity of Lew Anderson's reasons for his termination. When, as here, an employer offers inconsistent explanations for its employment decision at different times, as here, the jury may infer that the employer's proffered reasons are pretextual. See Staten v. New Palace Casino, LLC, 187 F. App'x 350, 359 (5th Cir. 2006) (collecting cases); Gee v. Principi, 289 F.3d 342, 347-48 (5th Cir. 2002) (determining summary judgment was improper where the plaintiff produced evidence that the employer's explanation for her non-selection had been inconsistent and there were discrepancies between the decisionmaker's affidavit and testimony). Therefore, genuine disputes of material fact require denial of the request for summary judgment as to Plaintiff's disability discrimination claim.

*Conclusion*

The Court finds that Plaintiff has failed to satisfy the burden of proving a genuine dispute of material fact as to his race discrimination claim. Accordingly, that claim is dismissed. Plaintiff has, however, raised a genuine dispute of material fact as to his retaliation and disability discrimination claims such that those claims are more properly decided by a jury. Therefore, Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

SO ORDERED this the 4th day of February, 2015.

                                                 **/s/ Sharion Aycock**
                                                 **U.S. DISTRICT JUDGE**