IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KEVIN BINGER                                                                                                PLAINTIFF

V.                                                                              CAUSE NO.: 1:13CV150-SA-DAS

ANDERSON ENTERPRISES, d/b/a
MCDONALD'S                                                                                              DEFENDANTS

ORDER ON MOTION IN LIMINE

Defendant seeks an Order prohibiting the mention or introduction of evidence by the Plaintiff as to Defendant's FMLA policies, the motion in limine filed, Defendant's ability to satisfy judgment, argument regarding the "Golden Rule," or any "improper religious references." After reviewing the motions, response, rules, and relevant authorities, the Court finds as follows:

1. FMLA "Claims"

Defendant contends that Plaintiff has continuously made reference to his FMLA "claim" during his deposition and briefing on summary judgment. Plaintiff contends that Defendant's failure to follow the FMLA policy in place at Anderson Enterprises, and its owner's lack of knowledge regarding that policy could be relevant. Indeed, Plaintiff asserts that "[t]he fact that [Lew] Anderson does not follow a certain anti-discrimination policy is relevant evidence is [sic] to how Anderson adheres to federal law regarding the discrimination alleged in this lawsuit."

The Court finds that references that Defendant failed to follow its FMLA policy is not relevant to the remaining claims and would lead to jury confusion. Accordingly, Plaintiff, his counsel, and Plaintiff's witnesses may not testify or introduce evidence regarding Defendant's FMLA policy, lack of knowledge as to that policy, and/or Defendant's alleged violation of those policies.

2. Defendant's Motion in Limine

Plaintiff has agreed not to make any reference to the fact that Defendant filed a motion in limine.

3. Ability to Satisfy a Judgment

Plaintiff agrees that the net worth of the Defendant is not relevant during the liability phase of trial. Introduction of evidence as to Defendant's net worth is therefore precluded until further notice.

4. Golden Rule Arguments

Plaintiff has agreed to refrain from asserting any "Golden Rule" arguments before the jury.

5. Religious References

Plaintiff has agreed to abide by the ruling in Whitfield v. Harris, 474 F. Supp. 2d 822 (N.D. Miss. 2007), and Johnson v. City of Columbus, 1:05cv234-MPM. The district court in Whitfield prohibited any counsel from

> mention[ing] or refer[ring] to any deity or mak[ing] any religious reference in such a manner as can reasonably be construed to indicate that the jury should consider the teachings or beliefs of the deity or any religious references in addition to or to the exclusion of the law. Counsel are further prohibited from making any reference to the religious beliefs or affiliations of any party or counsel in such a manner as can reasonably be construed to indicate that the jury should consider the religious beliefs or affiliations of the party, unless such matters are probative of an issue raised at trial.

474 F. Supp. 2d at 825.

Accordingly, Defendant's Motion in Limine is GRANTED.

SO ORDERED, this the 11th day of September, 2015.

                                                /s/ Sharion Aycock  
                                                **U.S. DISTRICT JUDGE**